464 April 2, 2025 No. 291

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS WILLIAM MERRIMAN,
aka Thomas Merriman,
*Defendant-Appellant.*

Jackson County Circuit Court
22CR12416; A181020

Laura A. Cromwell, Judge.

Argued and submitted February 25, 2025.

James Brewer, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for one count of driving under the influence of intoxicants (DUII), ORS 813.010. In his only assignment of error, he contends that the trial court erred when it denied his motion to suppress evidence discovered after officers, in defendant's view, "unlawfully extended" a traffic stop following defendant's involvement in a "minor car accident." Reviewing for legal error, *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993), and being "bound by the trial court's factual findings to the extent that those findings are supported by evidence in the record," *State v. Arreola-Botello*, 365 Or 695, 697, 451 P3d 939 (2019), we conclude that the trial court did not err when it determined that the extension to which defendant objects did not amount to a constitutional violation under Article I, section 9, of the Oregon Constitution. We affirm.

## BACKGROUND

Defendant was involved in a minor traffic collision with another vehicle, which had both a driver and a passenger. The driver of the other vehicle claimed that she had been injured in the collision.

A sergeant with the Jackson County Sheriff's Office responded to the collision, along with a sheriff's deputy, firefighters, and emergency medical technicians (EMTs). Two other sheriff's deputies radioed that they were on their way to "take the paper"—*i.e.*, to take over the investigation and report for the sergeant. While collecting information from defendant, the sergeant noticed that defendant was exhibiting signs of intoxication and mentioned that to the two deputies over the radio.

At one point, during the time when the sergeant was investigating the collision, a firefighter evaluated the other driver for injury. While the firefighter was evaluating the other driver, the sergeant engaged in "small talk" with other first responders for approximately 90 seconds.[1] The two other deputies then arrived at the scene, observed that defendant might be intoxicated, conducted a DUII

---

[1] At oral argument, defendant noted that that approximately 90-second period is the focus of his argument on appeal.

investigation of defendant, and placed defendant under arrest for DUII.

For his conduct, defendant was charged with one count of DUII, ORS 813.010; one count of reckless driving, ORS 811.140; and one count of recklessly endangering another person, ORS 163.195. He moved to suppress all evidence of DUII discovered by the deputies during and after the stop, arguing that the sergeant was "stalling *** for other deputies to arrive" rather than pursing an investigation, and that that constituted an "unlawful extension" of the traffic stop.

After a hearing, the trial court denied that motion. It determined that there was not "a lull or an unlawful extension of a stop." Instead, it determined that officers "were first conducting [an investigation of the collision] and completing that prior to beginning the investigation of the DUI[I]." Defendant then entered a conditional plea of guilty to one count of DUII, reserving in writing his right to appeal the trial court's ruling on his motion to suppress.

## DISCUSSION

On appeal, defendant contends that the "trial court erred by denying defendant's motion to suppress[,]" because the sergeant "unlawfully extend[ed] a stop for DUII by failing to investigate that offense while waiting for [other] officer[s] to arrive[.]" Specifically, we understand defendant to argue that the approximate 90 seconds during which the sergeant was engaged in "small talk" was an unlawful extension because, at that time, there was not an "officer speaking to defendant, and [the sergeant] does not have any interaction that is related to processing the stop." The state responds that "any minimal extension of the stop was reasonable" and thus did not violate defendant's constitutional rights. We agree with the state that there was no constitutional violation.

Article 1, section 9 prohibits unreasonable intrusions on an individual's interest in personal privacy, liberty, and security. *Arreola-Botello*, 365 Or at 708. That prohibition protects a driver during a traffic stop, or a seizure short of arrest during which the driver "is not free unilaterally to end the encounter and leave whenever he or she chooses." *Id*. at 701-02

(internal quotation marks omitted). In determining whether an officer's investigation during a traffic stop ran afoul of the protections of Article 1, section 9, we apply the principle that "investigative activities * * * conducted during a traffic stop are part of an ongoing seizure and are subject to both subject-matter and durational limitations." *Id.* at 712. In this case, we focus on the durational limitation, because it is that limitation that defendant argues the officers violated, and we examine whether the "delay" to which defendant objects "unreasonably extend[ed] the duration of [the] stop[.]" *Id.* at 704.[2]

Thus, the question presented is whether the approximate 90-second delay during which the sergeant engaged in "small talk" was an unreasonable extension in the duration of the stop. We conclude that it was not. That is because, as the trial court determined, the sergeant "first conduct[ed the collision] investigation and complet[ed] that prior to beginning the investigation of the DUI[I]." Put another way, as we understand it, the trial court determined that, at the time of the 90 second "delay" to which defendant objects, the collision investigation was ongoing. The sergeant's body camera shows additional activity, including a firefighter talking to and examining the other driver, who was reporting an injury, and who had been driving with a suspended license at that time, as well as a second officer examining the vehicles and taking down notes. The sergeant explained during the suppression hearing that he would not interrupt that medical examination, which was a part of the collision investigation, unless there was an emergency.

We conclude that the trial court permissibly determined that the approximate 90-second delay identified by defendant was an unavoidable part of the collision investigation and did not unreasonably extend the traffic stop. The sergeant was not required to begin questioning defendant about the crime of DUII during that delay.

Affirmed.

---

[2] We do not address the subject-matter limitation in this case, as there is no dispute that officers' investigative inquiries of defendant were "reasonably related to the purpose of the * * * stop," *Arreola-Botello*, 365 Or at 703, and the alleged violation of Article I, section 9 that defendant identifies involves a lack of interaction with defendant, as opposed to the content of an interaction.